| | |
|---|---|
| GailAnn Y. Stargardter (Bar No. 250749)<br>gstargardter@archernorris.com<br>Andrew J. King (Bar No. 253962)<br>aking@archernorris.com<br>ARCHER NORRIS<br>2033 North Main Street, Suite 800<br>Walnut Creek, CA  94596-3759<br>Telephone:    925.930.6600<br>Facsimile:     925.930.6620<br><br>Attorneys for Plaintiff<br>ATAIN SPECIALTY INSURANCE<br>COMPANY f/k/a USF INSURANCE<br>COMPANY | Mary Catherine Garcia (Bar No. 257304)<br>cgarcia@angius-terry.com<br>ANGIUS & TERRY LLP<br>1451 River Park Drive, Suite 285<br>Sacramento, CA 95815<br>Telephone: (916) 567-1400<br>Facsimile: (916) 567-1401<br><br>Attorneys for Defendant<br>THE HAMPTONS AT RIVER HEIGHTS<br>HOMEOWNERS ASSOCIATION |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY f/k/a USF INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVER HEIGHTS CONDOS, LLC, a Delaware limited liability company; CASPIAN PARTNERS, LLC, a California limited liability company; STEVE MOHEBI, an individual; CARL A. WESCOTT, an individual; THE HAMPTONS AT RIVER HEIGHTS HOMEOWNERS ASSOCIATION, a California non-profit mutual benefit corporation; and NORTHWEST EXTERIORS, INC., a California corporation,<br><br>Defendants. | Case No.  2:12-CV-00734-KJM-GGH<br><br>**STIPULATION RE: VOLUNTARY DISMISSAL OF DEFENDANT THE HAMPTONS AT RIVER HEIGHTS HOMEOWNERS ASSOCIATION AND AGREEMENT TO BE BOUND BY JUDGMENT ENTERED HEREIN; [PROPOSED] ORDER**<br><br>JUDGE: Hon. Kimberly J. Mueller<br>MAGISTRATE J.: Hon. Gregory G. Hollows |

Pursuant to Federal Rule of Civil Procedure 41(a) and Local Rule 143, plaintiff ATAIN SPECIALTY INSURANCE COMPANY f/k/a USF INSURANCE COMPANY ("USF") and defendant THE HAMPTONS AT RIVER HEIGHTS HOMEOWNERS ASSOCIATION (the "Association"), hereby stipulate as follows and respectfully request that this Court enter an order dismissing defendant the Association with prejudice, and subject to the Association's agreement to be bound to any judgment subsequently entered herein.

WHEREAS, on July 28, 2011, the Association filed a civil action against River Heights Condos, LLC, Caspian Partners LLC, Steve Mohebi, and other defendants, in the Superior Court of California, County of Sacramento, styled *The Hamptons at River Heights Homeowners Association v. River Heights Condos, LLC, et al.*, Case No. 34-2011-00107802 (the "Underlying Action").

WHEREAS, on August 8, 2011, the Association filed its first amended complaint in the Underlying Action, in which River Heights Condos, LLC, Caspian Partners LLC, and Steve Mohebi are named as defendants.

WHEREAS, on March 22, 2012, USF filed its Complaint for Rescission, Declaratory Judgment, and Reimbursement in this action (the "Rescission Action"), by which USF seeks a order enforcing the rescission of the insurance policies it issued to defendants Caspian Partners, LLC and Carl Wescott so that they are null and void *ab initio*, and a declaration that it has neither a duty to defend nor to indemnify defendants River Heights Condos, LLC, Caspian Partners, LLC, or Steve Mohebi in or against the claims asserted in the Underlying Action.

WHEREAS, although the Association is named as a defendant in the Rescission Action, USF does not seek any affirmative relief from the Association. Rather, the Association is named as a defendant so as to bind it to any judicial determination in this action regarding rescission of the USF policies and the other declaratory relief sought in USF's Complaint including USF's duty to defend or indemnify River Heights Condos, LLC, Caspian Partners LLC, Steve Mohebi, and Carl Wescott.

WHEREAS, the Association has not filed an answer to the Complaint, and has not yet appeared in this action.

1  WHEREAS, USF and the Association desire the avoidance of unnecessary litigation and
2 its associated expenses as between them, and the Association is willing to abide and be bound by
3 any judgment entered in the Rescission Action.

4  Accordingly, the PARTIES HEREBY STIPULATE that:

5  1.  The Association is not required to file an answer or to make an appearance in the
6 Rescission Action;

7  2.  The Association agrees to be bound and shall abide by any judgment or declaration
8 entered in the Rescission Action;

9  3.  The Association's agreement to be bound includes, but is not limited to, the
10 following: a judgment entered in this action shall have collateral estoppel effect upon any
11 subsequent action by the Association seeking indemnity of any judgment entered in its favor in
12 the Underlying Action, pursuant to California Insurance Code section 11580, subd. (b)(2).

13  4.  USF and the Association agree they will each bear their own costs with respect to
14 USF's claims against the Association.

15  5.  Subject to the Association's agreement to be bound, USF agrees to voluntarily
16 dismiss the Association as a defendant in this action with prejudice.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Therefore, the parties hereby request that this Court enter an order approving this stipulation and dismissing with prejudice USF's claims against defendant The Hamptons at River Heights Homeowners Association in this action.

Dated: May 3, 2012            ARCHER NORRIS

/s/ GailAnn Y. Stargardter
GailAnn Y. Stargardter
Andrew J. King
Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE COMPANY f/k/a USF INSURANCE COMPANY

Dated: May 3, 2012            ANGIUS & TERRY LLP

/s/ Mary Catherine Garcia
Mary Catherine Garcia
Attorneys for Defendant
THE HAMPTONS AT RIVER HEIGHTS HOMEOWNERS ASSOCIATION

## ORDER

PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

Dated: May 10, 2012.

_____
UNITED STATES DISTRICT JUDGE