IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ATAIN SPECIALTY INSURANCE
COMPANY, f/k/a USF INSURANCE
COMPANY,

      Plaintiff,                              No. 2:12-cv-0734 KJM GGH

      vs.

RIVER HEIGHTS CONDOS, LLC, et al.,
                                         FINDINGS AND RECOMMENDATIONS

      Defendants.
_____/

Plaintiff's motion for entry of default judgment against defendants River Heights Condos, LLC ("River Heights"), Caspian Partners, LLC ("Caspian"), Steve Mohebi, and Carl Wescott,[1] filed July 25, 2012, (dkt. # 28), was submitted on the record. Upon review of the motions and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

\\\\\

\\\\\

---

[1] Defendants Northwest Exteriors, Inc. and The Hamptons at River Heights Homeowners Association ("Homeowners Association") were previously dismissed by stipulation and order. (Dkt. nos. 12, 17.) There are no other defendants remaining in the case other than the defendants against whom this motion for default judgment is sought.

1

BACKGROUND

Plaintiff filed this action on March 22, 2012. Plaintiff insurance company seeks to rescind two insurance policies issued to Caspian and Wescott based on misrepresentations made by defendants Caspian and Wescott to plaintiff at the time of the issuance of the policies, that the risks to be insured were for a fully rented apartment complex, and that no structural change or demolition was planned. Plaintiff issued the subject insurance policies based on these representations. Defendants then converted the apartment buildings into condominiums, which were sold to members of the Homeowners Association. The Homeowners Association then filed suit in Sacramento County Superior Court which is currently pending, for alleged construction defects in the conversion of the apartment buildings to condominiums. Plaintiff seeks a request for judicial declaration to the effect two policies issued to defendants Caspian and Wescott are rescinded and declared void *ab initio*, that plaintiff has no duty to defend or indemnify River Heights, Caspian, Mohebi or Wescott under these policies with respect to the underlying action, and that plaintiff is entitled to reimbursement for defense fees and costs, interest, and costs of suit.

The complaint was served on defendants Mohebi, Caspian, and River Heights who signed and returned a waiver of service on April 19, 2012. (Dkt. nos. 13, 14, 15.) Fed. R. Civ. P. 4(d)(4) (filing a waiver eliminates the need for a proof of service "and these rules apply as if a summons and complaint had been served at the time of filing the waiver"). Defendant Wescott was served by substituted service on June 20, 2012. (Dkt. no. 25.) Fed. R. Civ. P. 4(e)(2)(B). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants Mohebi, Caspian, River Heights, and Wescott have failed to file an answer or otherwise appear in this action. On June 27, 2012, the clerk entered default against defendants Mohebi, Caspian, and River Heights. (Dkt. no. 24.) On July 24, 2012, the clerk entered default against defendant Wescott. (Dkt. no. 27.) On July 25, 2012, plaintiff filed a motion for default judgment against defendants Mohebi,

1 Caspian, River Heights and Wescott.

2 Plaintiff seeks entry of default judgment in the form of a declaration that its
3 policies, numbered LGBGL37817 and LGBGL37817R1, issued to Caspian and Wescott are
4 rescinded and void *ab initio*, that plaintiff has no duty to indemnify defendants under these two
5 policies, and for judgment in the amount of $5,191.30 for defense fees and costs paid in the
6 underlying action, prejudgment interest, and costs in the amount of $350 for the filing fee.

7 DISCUSSION

8 Entry of default effects an admission of all well-pleaded allegations of the
9 complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.
10 1977). The court finds the well pleaded allegations of the amended complaint state a claim for
11 which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The
12 memorandum of points and authorities and affidavits filed in support of the motion for entry of
13 default judgment also support the finding that plaintiff is entitled to the relief requested. There
14 are no policy considerations which preclude the entry of default judgment of the type requested.
15 See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

16 After determining that entry of default judgment is warranted, the court must next
17 determine the terms of the judgment. Plaintiff's claim is that its policies were issued based on a
18 misrepresentation by defendants, and therefore the policies are void, and it owes no duty to
19 defend or indemnify defendants in the underlying state court action. Plaintiff has included the
20 application signed by defendants[2] representing that the apartments would be rented as apartments
21 and that no structural alterations or demolition exposure was contemplated. (Gobler Decl., ¶7,
22 Ex. A at 6, 10, dkt. no. 28-2, 28-3.) Plaintiff has also submitted copies of the policies which

---

[2] Defendants Caspian and Wescott were the applicants, and defendant Mohebi signed the application. (Dkt. no. 28-3.) The first insurance policy, covering the period April 12, 2005 to April 12, 2006, named Caspian and Wescott as insureds. (Gobler Decl. ¶¶ 9, 10.) The second or renewal policy, named River Heights as the insured. (Id. at ¶ 10.) Both policies were based on the application dated April 6, 2005. (Compl., ¶ 48, Exs. C, D, dkt. nos. 1-3 at 9, 1-4 at 10.)

provided a "fraud and misrepresentation endorsement" section, stating that the policies were issued based on the application, and if the application contained false or misleading information, the result could be denial of coverage or voiding of the policy. (King Decl., Ex. A, dkt. no. 29-1 at 9; Ex. B, dkt no. 29-2 at 10.) The policies also provided that coverage was limited to operation of an apartment building and its "ownership, maintenance or use" as such. (Id., Ex. A at 43, 3, 11; Ex. B at 34, 4, 12.) The Classification Limitation specifically provided that the policies excluded coverage for any operation not specifically listed in the Declaration, which limited the operation to "apartment building." (Id., Ex. A at 14, 3, 11; Ex. B at 51, 4, 12.) According to the Gobler declaration, Atain was informed that the subject apartment buildings were going to be sold "as is," without construction or remodeling work. (Gobler Decl., ¶ 10.)

        The underlying state court action was brought by the Homeowners Association against River Heights, for construction defects which allegedly occurred when the apartment buildings were converted to condominiums. (Compl., ¶¶ 35, 36, Ex. E.) Plaintiff defended defendants in the state court action subject to a reservation of rights. (King Decl., ¶ 6, Ex. C.) Plaintiff is entitled to rescind the insurance policies *ab initio* under the facts alleged herein. See Cal. Civ. Code § 1689; Cal. Ins. Code §§ 330-334; West Coast Life Ins. Co. v. Ward, 132 Cal.App.4th 181, 186-88 (2005).

        Plaintiff is also entitled to recoup costs expended in defending its insured where, as here, it is later determined that it had no duty to defend. Scottsdale Ins. Co. v. MV Transp., 36 Cal.4th 643, 662 (2005). Plaintiff incurred $5,191.30 in defense fees and costs in defending the underlying action, as well as $350 in costs.[3] (Id., ¶ 17, Ex. G.) The declarations of both Richard Gobler and Andrew King and documentation filed in support of the application for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.

---

[3] Pursuant to a bankruptcy court order pertaining to defendant Wescott, plaintiff was entitled to relief from the automatic stay in order to obtain relief in the form of rescission against this defendant, but was not permitted to obtain monetary relief against him. (King Decl., Ex. B, dkt. no. 19-2.)

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiff's motion for default judgment, filed July 25, 2012, (dkt. no. 28), be granted as to defendants River Heights, Caspian Partners, Mohebi, and Wescott;

2. The Atain Policies, designated as No. LGBGL37817 and No. LGBGL37817R1, issued by Atain to Caspian Partners and Wescott, be rescinded and declared void *ab initio*;

3. Atain have no duty to defend or indemnify River Heights, Caspian Partners, Mohebi, or Wescott under the aforementioned Atain Policies with respect to the claims asserted in the Underlying Action pending in the Superior Court of California, County of Sacramento, entitled The Hamptons at River Heights Homeowners Association v. River Heights Condos, LLC, Case No. 34-2011-00107802;

4. Atain be entitled to reimbursement from River Heights, Caspian Partners, and Mohebi in the amount of $5,191.30 for defense fees and costs Atain has paid on their behalf in defense of the Underlying Action;

5. Atain be entitled to interest, including prejudgment interest, on the amount of reimbursement sought from River Heights, Caspian Partners, and Mohebi;

6. Atain be entitled to its costs of suit herein from River Heights, Caspian Partners, and Mohebi in the amount of $350.00 pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920; and

7. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2012

<u>/s/ Gregory G. Hollows</u><br>
UNITED STATES MAGISTRATE JUDGE

GGH:076 - Atain0734.def.wpd